UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
JACK RUSSELL                                                            20-cv-9988

                               Plaintiff,                               **COMPLAINT**

   -against-                                                            **JURY DEMAND**

THE CITY OF NEW YORK and
"JOHN DOE AND JANE DOE #1-6"
(the names John and Jane Doe being fictitious
as their true names are presently unknown),

                             Defendants.
---------------------------------------------------------x

      Plaintiff, by his attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants, The City of New York and "John Doe and Jane Doe #1-6" (collectively "defendants"), upon information and belief alleges as follows:

## INTRODUCTION

      1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], and arising under the laws and statutes of the City and State of New York.

      2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment and use of excessive force against Plaintiff and otherwise, for the violation of plaintiff's federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff, a black male, is a resident of the City of New York, County of Bronx and State of New York.

7. Defendant, The City of New York (City) is a municipal entity existing under the laws and Constitution of the State of New York and was the public employer of the defendant police officers through its Police Department - New York City Police Department- and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8. Defendants John Doe and Jane Doe #1-6 were police officers employed by defendant City of New York.

9. Plaintiff is suing the defendant officers in their individual and official capacities.

## NOTICE OF CLAIM

10. Plaintiff, in furtherance of his state causes of action, filed timely notice of claim against the City, in compliance with General Municipal Law Section 50.

11. More than 30 days have elapsed since service of said notice, and the City has failed to pay or adjust the claim.

12. This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

### FACTS COMMON TO ALL CAUSES OF ACTION

13. On or about December 20, 2019, at approximately 2:30 p.m., plaintiff was at the B.Q.N. Car Service Corporation located at 1106 Garrison Avenue, Bronx, New York waiting for a cab to go and pick his daughter from school when he was arrested by defendant officers.

14. While plaintiff was standing out there at the Cab Base waiting for a cab aforesaid, about six (6) White police officers in plain clothes pounced on plaintiff with their guns drawn and pointed closely at plaintiff's head.

15. Then the officers grabbed plaintiff so violently that they broke the headphone that plaintiff was wearing at the time.

16. Plaintiff asked the officers why they had grabbed him with guns pointed in his face. The officers told plaintiff to shut up and kneel down on the street. Plaintiff complied.

17. While plaintiff was on the ground, one of the defendant officers had his knee on plaintiff's back.

18. Then the officers searched plaintiff and although they did not find anything illegal on him, they arrested plaintiff and placed him in handcuffs without telling him the reason for his arrest. The officers also arrested another person who was standing near the car service base.

19. Plaintiff was transported to the 41st police precinct and detained in a holding cell. He was neither fingerprinted nor photographed.

20. While at the precinct, plaintiff again asked the officers why he was arrested and being detained. One of the officers then told plaintiff that they were conducting an investigation and therefore had a right to arrest and hold him for a period of time.

21.  Then the officers told plaintiff that they would run his name for outstanding warrants and that if there were no warrants, they would let him go.

22. After detaining plaintiff in a holding cell for hours and after determining that there were no outstanding warrants against him, the defendant officers released him without any charges being brought against him.

23. As plaintiff was leaving the precinct, a Sergeant at the precinct told him that he was still under investigation and that they would be watching him.

24. When plaintiff returned home, he saw some officers staying outside his building and they harassed plaintiff and anyone entering and/or exiting plaintiff's building. They prevented plaintiff and his cousin from walking their dog by ordering them back into the house.

25. When plaintiff's daycare provider came to pick plaintiff's children, some of the officers approached the provider's vehicle and were taking photos of the vehicle and license plate while plaintiff's kids were inside the vehicle, thereby scaring the kids.

26. That each and every officer who was present at the location of plaintiff's arrest and/or at the precinct or facility knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

27. Plaintiff suffered and continues to suffer physical injury, emotional distress, fear,

humiliation, embarrassment, shock, loss of liberty, psychological trauma, pain, and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

28. Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

29. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

30. The Plaintiff has no other adequate remedy at law but for this action.

### AND AS FOR A FIRST CAUSE OF ACTION:
### 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

31. Plaintiff reiterates paragraphs 1 through 30 and incorporates such by reference herein.

32. By their conduct and under color of law, defendant officers deprived plaintiff of his constitutional right to be free from false arrest and false imprisonment.

33. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### AND AS FOR A SECOND CAUSE OF ACTION:
### 42 U.S.C. § 1983 - UNREASONABLE AND EXCESSIVE FORCE

34. Plaintiff reiterates paragraphs 1 through 33 and incorporates such by reference herein.

35. By their conduct and under color of law, defendant officers deprived plaintiff of his constitutional right to be free from excessive and unreasonable force.

36. As a direct and proximate result of the misconduct detailed above, plaintiff sustained

the damage herein before stated.

## AND AS FOR A THIRD CAUSE OF ACTION:
## 42 U.S.C. § 1983 - UNREASONABLE SEARCH & SEIZURE

37. Plaintiff reiterates paragraphs 1 through 36 and incorporates such by reference herein.

38. Defendant officers subjected plaintiff to unreasonable search and seizure.

39. Such conduct described herein violated plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

40. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## AND AS FOR A FOURTH CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

41. Plaintiff reiterates paragraphs 1 through 40 and incorporates such by reference herein.

42. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly and proximately caused by conduct, chargeable to defendant City, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

43. The defendant City, through its police department, the NYPD, has developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiff's rights.

44. Defendant City, acting through the NYPD, had actual and/or de facto policies,

practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some illicit activities.

45. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when there is probable cause for such arrest.

46. The policymaking officials at NYPD know or ought to have known that such issues that regularly arise in the investigation and prosecution of criminal cases either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations and making the wrong choice.

47. The aforementioned policymaking officials knew that the wrong choice by police officers concerning determination of probable cause will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause them constitutional injury.

48. Further, the existence of the aforesaid unconstitutional policies, practices, customs

and/or usages may be inferred from repeated occurrences of similar wrongful conduct. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York observed that the City of New York had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

49 As a result of inadequate training of police officers on the practical meaning of probable cause for arrest, officers frequently detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause.

50. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

51. Prior to and at the time of the incident alleged herein, the defendant City was aware of the need for more or different training, rules, regulations, investigation and discipline relating to police officers engaged in racial profiling, and was deliberately indifferent to that need.

52. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiff's constitutional rights causing plaintiff to suffer substantial damages.

**AND AS FOR A FIFTH CAUSE OF ACTION:
PENDENT CLAIM OF ASSAULT AND BATTERY**

53. Plaintiff reiterates paragraphs 1 through 52 and incorporates such by reference herein.

54. By their conduct, as set forth above, defendant officers committed acts of battery against plaintiff which included grabbing him violently and yanking his headset off his head. The

use of physical force against plaintiff was willful and unwarranted.

55. By reason of and as a consequence of the assault detailed above, plaintiff suffered physical and mental injuries.

### AND AS FOR AN SIXTH CAUSE OF ACTION:
### PENDENT CLAIMS OF FALSE ARREST AND FALSE IMPRISONMENT

56. Plaintiff reiterates paragraphs 1 through 55 and incorporates such by reference herein.

57. Plaintiff was wrongfully, unlawfully and unjustifiably arrested, detained, charged with crime and deprived of his liberty against his will, and was imprisoned by defendant officers.

58. At all relevant times, the defendant officers acted forcibly in apprehending plaintiff.

59. Following his arrest, plaintiff was wrongfully harassed, threatened, strip searched and subjected to the taking of mug shots and fingerprinting.

60. The false and unlawful arrest and imprisonment of plaintiff was without any justification or probable cause, and was forcible and against his will.

61. All of the foregoing occurred without any fault or provocation on the part of plaintiff.

62. At all relevant times, the defendant officers and other John Doe police officers who were responsible for the false arrest and imprisonment of plaintiff were employees of the defendant City through the NYPD, and were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

63. As a direct and proximate result of the false arrest and imprisonment of plaintiff as detailed above, plaintiff sustained the damage herein before stated.

### AND AS FOR A SEVENTH CAUSE OF ACTION:
### UNDER NEW YORK STATE CONSTITUTION

64. Plaintiff reiterate paragraphs 1 through 63 and incorporate such by reference herein.

65. By arresting, detaining and prosecuting plaintiff without probable cause or reasonable suspicion, and assaulting plaintiff and using excessive force against them, the defendant officers, deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York State Constitution.

66. In addition, the defendant officers conspired among themselves to deprive plaintiff of their constitutional rights secured by Article 1, Section 12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

67. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of their constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

68. Defendants, their officers, attorneys, agents, servants and employees were responsible for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer of each of the defendant officers, is responsible for their wrongdoing under the common law doctrine of *respondeat superior.*

69. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
November 27, 2020

                                        LAW OFFICE OF PHILIP AKAKWAM, P.C.

                                        By:        /s/
                                                Philip Akakwam
                                                Attorneys for the Plaintiff
                                                303 Livingston Street, 2nd Floor
                                                Brooklyn, N.Y. 11217
                                                (718) 858-2488

Index No.: 20-cv-9988

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACK RUSSELL

                              Plaintiff,

   -against-

THE CITY OF NEW YORK and
"JOHN DOE AND JANE DOE #1-6"
(the names John and Jane Doe being fictitious
as their true names are presently unknown),

                              Defendants

---

# COMPLAINT

---

LAW OFFICE OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

---

TO:

---

Service of a copy of the within is hereby admitted.

Dated: